FILED
JAN 16 2008

CV 08    0285

Marvin Woodard
Reg. No. 98908-011
Cornells correction
111 Taylor Street
San Francisco California 94104

December 19, 2007

United States District Court
Lowell Jensen
1301 Clay Street Suit 400s
Oakland Ca 94612

RE: United States v. Marvin Woodard
    Case No 98-40082-DLJ

Dear Judge Jensen

    I am defendant Marvin Woodard who is currently house at Cornells Corrections located in SanFrancisco.

Prior to me being transfer to Cornells Corrections on the 17 of December I was working on two motion to Modify my term of Imprisonment or Supervised release under 18 U.S.C. 3582(c)(2) and 18 U.S.C. 3583 Citing Amendment 706 to the United States Guidelines Under Title 18 United States Code Section 3582 in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has been Subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) upon motion of the defendant the Court may reduce the term of imprisonment after considering the factors Set forth in section 3553(a) to the extent that they are applicable, if Such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

In response to the then new crack cocaine phenomena and resultant national attention of the problem, the United States Congress passed the Anti Drug Abuse Act of 1986 Pub L. 99-570 wherein 21 U.S.C. 841 (b)(1) required a five year mandatory minimum penalty for a first time trafficking offense involving five grams or more of Crack Cocaine, or 500 grams of powder Cocaine, and a ten year mandatory minimum penalty for a first time trafficking offense involving fifty grams or more of Crack Cocaine, or 5,000 grams or more of powder Cocaine. Because 100 times more powder Cocaine than Crack Cocaine is required to trigger the same penalties, this penalty structure is commonly referred to as the 100 to 1 drug quantity ratio. This disparate sentencing ratio scheme pervaded the entire guidelines via the corresponding Drug Quantity Table as found in

USSG 2D1.1. As time has progressed, the analysis of sentencing data about cocaine offenses and offenders; the review of scientific studies regarding cocaine use effects dependency, and prevalence researched trends in cocaine trafficking patterns price, and use effects and the survey of the state laws regarding cocaine penalties and monitored case law developements have all led to one conclusion that the 100 to 1 drug quantity ratio between crack and powder cocaine, chemically identical substance is simply unjust the Sentencing Commission itself has on numerous occasions over the years recommend for Congress to amend sentencing law to address this unjust disparity. On November 1, 2007 pursuant to its authority under 28 U.S.C. 994(p) the United States Sentencing

Implemented Amendment 705 to the United States Sentencing guidelines which among other actions addressed the problems associated with the 100 to 1 drug quantity ratio disparity in Sentencing guideline between Crack cocaine and powder Cocaine but unfortunately is powerless to address this disparity as it applies to the mandatory minimum sentences mandated by statute On December 11, 2007 the Sentencing Commission went one step further toward fundamental fairness and unanimously voted to make Amendment 705 retroactive thereby affording those sentenced under the disparate 100 to 1 drug quantity ratio Sentencing Scheme prior to Amendment 705. I am requesting that the court Order that I be allowed access to the law library since I am still in the

Custody of the Bureau of Prison that is protected under the first Amendment of access to the court. My request to the library has recently been denied by Cornell Correction in violation of my First Amendment. Under the new guide line with a two point reduction it would put me in the range of 84-105 but since I am under the mandatory ten year the Court would be law imposed the same sentence. However decided December 10, 2007 the Supreme Court decided in Kimbrough v. United States 522 U.S DJDAR18164 that the Sentencing Court can specifically consider the recognized harsh disparity between the Guidelines treatment of Crack Cocaine versus that of powder Cocaine in its sentencing determination if the court appropriately frames

the sentence in line with the instructions of 18 U.S.C. 3553(a) which allows to court to reduce the sentence, in light of Booker. It does also prevent on It also does not prevent the court from deducting the time off of supervised release.

The other issue deal with the DAP program. In Woodard v Charles Daniels case number CV-06-786-HA the court order the BOP to produce records of all DAP wait list ranking calculations from January 1, 2000 to the present. the court stated that Discovery must be produced by December 10, 2007 the Court pointed Marc Friedman telephone number 541-686-4890 fax 541 344-6254

the case was consolidated with Thurman v Daniels case no 06-1490, the relief sought includes an order of immediate release or a transfer to Community Corrections for prisoners like petitioner who allege harm from the BOP's failure to consider early release eligibility in determining placement on the wait list Lawyer think that the remedy if any may be a modification of Supervision and is support by Mujid v Danies 4113 F pd 991 (9th Circuit) Attorney enter the latest brief 10-15-2007 the brief states that although woodard was determined eligible for the DAR program was denied entrance and repeatedly passed over for admission into the Sheridan DAP program. At this time BOP records indicate that Petitioner is scheduled for release on September 21, 2008.

However Woodard learned that his Original release date was miscalculated and that his new release date will be June 1?, 2003 He is set to be transferred to a halfway house in December. this is not a motion this a request that the court order that I have access to a law library to prepare my motions Under 18 U.S.C. 3582(c)(2) and 18 U.S.C. 3583 (c)(2). It further request that this case be preferred to the public defender office, and I further request that I believe allow to appear in court once my motion is filed

Sincerly

Marvin Woodard

Marvin Woodard 98908-011
Cornell Correction Center
111 Taylor Street
San Francisco Ca 94104

Office of the Clerk
United States District Court
1301 Clay Street Suite 400s
Oakland Ca. 94612